UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

INSURANCE COMPANY OF THE WEST,

    Plaintiff,

v.

CAICOS CORPORATION, et al.,

    Defendants.

CASE NO. C12-5020BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Insurance Company of the West's ("ICW") motion for summary judgment against Defendant David S. Berry ("Berry"). Dkt. 15. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

## I. PROCEDURAL HISTORY

ICW filed the complaint in this action against Defendants Caicos Corporation ("Caicos"), Berry, and Ann Therese Berry ("Mrs. Berry") on January 10, 2012. The clerk entered default against Caicos and Mrs. Berry on March 7, 2012. Dkt. 17. On April 2, 2012, Mrs. Berry filed a motion for relief from order of default. Dkt. 22.

ORDER - 1

1   On March 7, 2012, ICW filed a motion for summary judgment against Berry, but

2 noted that the motion would apply equally to all defendants if default had not already

3 entered against them. Dkt. 15. On March 19, 2012, Berry responded (Dkt. 20) and on

4 April 5, 2012, ICW replied (Dkt. 23). On April 16, 2012, Berry filed a response to

5 ICW's reply (Dkt. 25) and on April 27, 2012, ICW filed additional declarations to

6 address issues brought up in Berry's second response (Dkts. 26 & 27).

7   On May 5, 2008, the Court granted Mrs. Berry's motion for relief from judgment

8 and gave Mrs. Berry the opportunity to file a response to ICW's motion for summary

9 judgment or join in Berry's response. Dkt. 28. On May 17, 2012, Mrs. Berry joined in

10 Berry's response. Dkt. 32.

11 **II. FACTUAL BACKGROUND**

12   Unless otherwise indicated, the following facts are undisputed:

13   ICW is a California corporation and authorized to post surety bonds in

14 Washington. Dkt. 16 at 1. In consideration for posting certain bonds, Defendants

15 executed Indemnity Agreements in favor of ICW. *Id*. at 1-2 & 6-19. Defendants,

16 pursuant to the Indemnity Agreements, agreed to indemnify and hold ICW harmless from

17 all losses resulting from the posting of the bonds. *Id*. at 6-19. Further, Defendants agreed

18 that if claims were presented against the bonds, they would, upon demand, deposit with

19 ICW funds sufficient to indemnify ICW from all anticipated claims. *Id*. In its motion,

20 ICW states:

21   The undisputed evidence establishes that: (1) claims have been made
against the bonds (Dkt. 16, ¶ 5); (2) ICW has incurred losses resulting from
22   the posting of the bonds (*id*.); (3) ICW has demanded that [Defendants]

1     perform their obligations under the Indemnity Agreements by posting
sufficient security or otherwise indemnifying ICW (*id.* ¶ 7); and (4) despite
2     demand, [Defendants] have failed to post sufficient security or otherwise
indemnify ICW (*id.*).

3 Dkt. 15 at 2.

4     In his declaration filed with ICW's motion, Leonard Huseby ("Huseby") lists the

5 bonds that are at issue in this case. Dkt. 16 ¶ 4. Berry does not dispute the facts as

6 alleged by ICW with respect to the bonds or his obligations under the Indemnity

7 Agreements. Dkt. 20.

## III. DISCUSSION

**A.**     **Summary Judgment Standard**

    Summary judgment is proper only if the pleadings, the discovery and disclosure
materials on file, and any affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).
The moving party is entitled to judgment as a matter of law when the nonmoving party
fails to make a sufficient showing on an essential element of a claim in the case on which
the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,
323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole,
could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.
Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must
present specific, significant probative evidence, not simply "some metaphysical doubt").
*See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists
if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

1  jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477
2  U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
3  626, 630 (9th Cir. 1987).

4        The determination of the existence of a material fact is often a close question. The
5  Court must consider the substantive evidentiary burden that the nonmoving party must
6  meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
7  U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630.  The Court must resolve any factual
8  issues of controversy in favor of the nonmoving party only when the facts specifically
9  attested by that party contradict facts specifically attested by the moving party.  The
10 nonmoving party may not merely state that it will discredit the moving party's evidence
11 at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*
12 *Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,
13 nonspecific statements in affidavits are not sufficient, and missing facts will not be
14 presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

15 **B.    ICW's Motion for Summary Judgment**

16        In its motion for summary judgment, ICW seeks summary judgment against
17 Defendants for claims paid and expenses incurred, as well as a judgment that specifically
18 enforces Defendants' obligations under the Indemnity Agreements.  Dkt. 15 at 2.  In
19 response to the motion, Berry does not dispute his obligations under the Indemnity
20 Agreements and states that while he

21      does not dispute his obligations to reimburse ICW for costs incurred on
      behalf of Caicos Corp. the Summary Judgment Motion should not be
22

> upheld in the amount of $632,783 as the material fact is that the defendant has provided cash and collateral that are not accounted for by ICW.

Dkt. 20 at 2.  Accordingly, the only issue for the Court to decide is whether ICW is entitled, as a matter of law, to the amount they seek to recover in their motion for summary judgment.  The Court concludes that while ICW is entitled to summary judgment on the issues of liability and specific performance of the Indemnity Agreements, Berry has submitted sufficient evidence to dispute, at least for purposes of deciding the instant motion, that $632,783 is owed to ICW.  ICW did not present evidence, sufficient for purposes of granting summary judgment, to refute Berry's claims that he has provided cash and collateral that affect the amount owed.  *See* Dkt. 23.  Accordingly, the Court will allow ICW, in the event it can produce further evidence to refute Berry's claims regarding the amount he has paid ICW and the effect such payments have on the current amount owed, to file an additional motion for summary judgment.

## IV. ORDER

Therefore, it is hereby **ORDERED** that ICW's motion for summary judgment is **GRANTED in part** with respect to the issues of liability and specific performance and **DENIED in part** as discussed above.

Dated this 20th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge